**BOND** SCHOENECK & KING

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | **bsk.com**

**KEVIN G. COPE, ESQ.**
kcope@bsk.com
P: 716.416.7041
F: 716.416.7001

May 22, 2026

**VIA CM/ECF**

Hon. Michael J. Roemer
United States Magistrate Judge
United States District Court
Western District of New York
Robert H. Jackson United States Courthouse
2 Niagara Square
Buffalo, New York 14202

Re:　*Lyon v. Chemung County*
　　__21-cv-857__

Dear Magistrate Judge Roemer:

Bond, Schoeneck & King, PLLC represents Chemung County and the individual defendants (collectively, the "County"), the Defendants in this matter. I write to respectfully request a conference with the Court to discuss Plaintiff's failure to provide responses to the County's discovery demands.

Specifically, the County served its First Request for Production and First Set of Interrogatories on Plaintiff on October 13, 2025. (*See* **Exhibit A**.) On November 10, 2025, Plaintiff advised he wished to proceed with this litigation, and the Court granted Plaintiff's oral motion for the appointment of *pro bono* counsel. (Dkt. 73.) The Court directed Plaintiff not to respond to the County's discovery demands until after *pro bono* counsel was appointed. By Order dated February 10, 2026, the Court appointed Gregory Silverman, Esq., as *pro bono* counsel for Plaintiff. (Dkt. 75.) On February 19, 2026, the Court issued an Amended Scheduling Order directing, in part, that all motions to compel discovery be filed no later than June 6, 2026. (Dkt. 76.)

Despite the appointment of *pro bono* counsel over three months ago, Plaintiff has failed to respond to Defendants' discovery demands. On March 31, 2026, Defendants' counsel contacted Mr. Silverman to inquire when Plaintiff planned to respond. (*See* email thread attached as **Exhibit B**.) Mr. Silverman responded on April 16, 2026, advising that he was having difficulty communicating with Plaintiff due to Plaintiff's incarceration, and requested a six-month extension of the scheduling order. (*See Id.*) Mr. Silverman indicated he would file a motion seeking such an extension. However, as of the date of this letter, Plaintiff has filed no such motion, and Defendants have received no discovery responses.

Hon. Michael J. Roemer
United States Magistrate Judge
United States District Court
Western District of New York

May 22, 2026
Page 2

The deadline for filing motions to compel is June 6, 2026. Given Plaintiff's continued failure to respond to discovery and the absence of any motion to extend the scheduling order, the County respectfully requests a conference with the Court to address this discovery dispute. Specifically, Defendants seek guidance on whether (1) the Court will permit Defendants to file a motion to compel, or (2) an extension of the scheduling order is appropriate to allow the parties to complete discovery.

Thank you for your attention to this matter.

Respectfully

BOND, SCHOENECK & KING, PLLC

/s/Kevin G. Cope, Esq.
Kevin G. Cope
Member

KGC/mmh
Encls.

cc:     Gregory Silverman, Esq. (*via email* *greg@silverman-law.com*)

23578690.v1

# EXHIBIT A

# BOND SCHOENECK & KING

Avant Building - Suite 900 | 200 Delaware Avenue | Buffalo, NY 14202-2107 | **bsk.com**

**KEVIN G. COPE, ESQ.**
kcope@bsk.com
P: 716.416.7041
F: 716.416.7351

October 13, 2025

**Via Regular U.S. Mail**

Mr. Michael Lyon
48 Staples Road
Erin, NY  14838

> **Re:**    *Michael Lyon v. William A. Schrom, et al.*
> **Civil Action No. 1:21-cv-857**

Dear Mr. Lyon:

I have enclosed Defendants' First Request for Production and First Set of Interrogatories.

Very truly yours,

BOND, SCHOENECK & KING, PLLC

/s/Kevin G. Cope, Esq.
   Kevin G. Cope, Esq.

KGC/mmh
Encls.

Attorneys At Law | A Professional Limited Liability Company

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

**MICHAEL LYON,**

|                     |                                    |
|---------------------|------------------------------------|

**Plaintiff,**                **FIRST SET OF**
**INTERROGATORIES**

**v.**                 **Civil Action No. 21-cv-857**

**WILLIAM A. SCHROM , et al.**

**Defendants.**

Defendants, by and through their counsel, Bond, Schoeneck & King, PLLC, hereby request that Plaintiff Michael Lyon, produce the following documents along with a separate written response containing any particular objections to the whole or any part hereof.  Each response is to be preceded by the request posed.  The written response is to be served upon Defendants within 30 days of the service hereof pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure.

## DEFINITIONS

A.      "Plaintiff" or the naming of a party or "you," "yourself" or "your" shall mean the named parties and each of their members, directors, officers, agents, servants, employees, attorneys, affiliates, representatives, and all persons in participation or concert with them.

B.      "Relative to" shall mean related to, relating to, describing, explaining, contradicting, concerning, pertaining to, mentioning, referring to, referencing, confirming, supporting, supporting the existence of, evidencing, constituting, containing, comprising, indicating, showing, alluding to, conveying, evincing, hinting, implying, suggesting, showing, intimating, involving, with respect to, or otherwise relative to, either directly or indirectly.

C.      "Document" shall mean any written, recorded or graphic matter, however produced or reproduced, and all copies or drafts thereof, whether or not privilege is claimed with respect to

any such document, and specifically includes electronically stored information ("ESI").  Without limiting the foregoing, "document" shall include any and all papers, photostats, photocopies, letters, correspondence, e-mails, postcards, intraoffice and interoffice writings, notes, notebooks, notations, lists, forms, reports, studies, scrapbooks, statistics, summaries, circulars, notices, bulletins, minutes, sales manuals, instructions, books, pamphlets, brochures, promotional materials, catalogs, descriptive literature, prospectuses, price lists, computerized data and printouts, magazines, publications, memoranda (including without limitation memoranda of communications and other acts or activities), bills of lading, contracts, agreements, diaries, desk or appointment calendars or pads, workpapers, transcripts, invoices, purchase orders, receipts, returns, warranties, guarantees, change orders, statements, statements of account, accounts, expense accounts, checks, check stubs, check books, ledgers, telegrams, telexes, telefaxes, maps, motion pictures, films, videotapes, photographs, microfiche, microfilm, audiotapes, magnetized recordings or tapes, computer discs or tapes, electronic recordings, all computerized or electronic embodiments of any of the foregoing or of any other information or communications, and all other documents and every copy of such document where such copy is not an identical copy of an original, or where such copy contains any commentary or notations that do not appear on the original, and all drafts, alterations, modifications, and amendments thereto or thereof.  "Document" specifically includes any written or recorded Communication, including any such Communication generated or maintained on or by a Social Media Platform.

D.      "Photo-Video" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films, videotapes, computer graphics files, video recordings, and any such Photograph maintained on any Social Media Platform.  When hard copies of photographs are provided, you shall produce un-retouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10

2

inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative. When electronic copies of photographs are provided, you shall produce them in .JPG or .JPEG or .TIFF or .GIF or .PNG format. When copies of videotapes are provided, you shall produce an un-retouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

E.    "Social Media Platform" shall mean any website or application that enables users to create and share content or to participate in social networking or communication. Social Media Platform includes, but is not limited to: Facebook, Twitter, Snapchat, Instagram, TikTok, LinkedIn, Reddit, Pinterest, YouTube, Groupme, Venmo, and WhatsApp.

F.    "Communication" shall mean any oral, verbal, or other non-written act or conduct by which information or data is transmitted, conveyed, imparted or otherwise relayed, whether or not privilege is claimed with respect to any such communication. Without limiting the foregoing, "communication" shall include any and all discussions, conversations, meetings, telephone calls, gestures, and all other communications, including those generated on, by, or with any Social Media Platform.

G.    "Person" shall mean any natural person, partnership, corporation, unincorporated association, governmental body or agency, or other form of legal entity, and includes, but is not limited to, an employee or agent of any of the foregoing.

H.    "Date" shall mean the exact month, day and year ascertainable, or if not so ascertainable, the best approximation of such month, day and year.

I.    "Place" shall mean the exact address by street, number, city, state and zip code, or any other designation, if applicable, or if not ascertainable, the best approximation thereof.

3

J.      Other words, terms and phrases used herein shall have their normal, common sense meanings.

## **INTERROGATORIES**

1.      Describe in detail the damages you request in this action, specifying each component therefore and how you calculated such damages.

2.      Identify all witnesses, including expert witnesses, you intend to rely on to support your claims in this matter and provide a description of the expected testimony of each such witness. This Interrogatory expressly includes witnesses to the alleged excessive force on June 16, 2021, the alleged request for and denial of a religious accommodation for a "harvest feast" on or about September 19, 2021 and September 23, 2021, the alleged unsanitary conditions of the Chemung County Jail during your incarceration (i.e., sewage backing up, dirty ventilation, dust, and mold), and any claims for retaliation.

3.      Identify all persons within the Chemung County Jail to whom you submitted a complaint and/or with whom you filed a grievance relating to Defendants' failure to provide you with a religious accommodation relative to the "harvest feast," the conditions of the Chemung County Jail, or the alleged retaliation against you by moving you to a cell without a sink and set forth the substance of any such complaint and/or grievance.

4.      Describe, in detail, your affiliation to the "heathen-odinist-Astra", "faith with the gods-our way-Pagan," and/or "Heathen" religion(s) including, when you became affiliated with such faith(s), how you became affiliated with such faith(s),  where you attend services and/or ceremonies for such faith(s), how often you attend services and/or ceremonies for such faith(s), who the leader(s) of such faith(s) are, your participation in any services and/or ceremonies for such faith(s), and the primary texts you have reviewed in relation to such faith(s).

4

5.      Describe in detail the religious request you made on or about September 19, 2021, including what the "harvest feast" is, the specific request you made in relation to the "harvest feast," and the information you provided to Major Hodge in relation to your religious request.

6.      Set forth in detail the unsanitary conditions you allege were present in the Chemung County Jail including the basis for your allegation that sewage would back up into your cell or the cell adjacent to your cell, the poor ventilation, and moldy showers as well as the duration of such conditions.

7.      Set forth the factual basis for your allegation that you were subject to excessive force on or about June 16, 2021, including the events leading up to the alleged excessive force, what constituted the excessive force, and the injuries allegedly caused by such excessive force.

8.      Set forth the names, addresses, and phone numbers for all physicians and/or mental health providers you have treated with a result of the allegations asserted against the Defendants.

DATED:   Buffalo, New York
         November 3, 2025

                              BOND, SCHOENECK & KING, PLLC


                              By:   /s/Kevin G. Cope, Esq.
                                    Daniel J. Pautz, Esq.
                                    Kevin G. Cope, Esq.
                                    Kathleen H. McGraw, Esq.
                              *Attorneys for Respondent State of New York*
                              200 Delaware Ave., Ste. 900
                              Buffalo, New York  14202-2107
                              Telephone:  (716) 416-7000
                              Email:    dpautz@bsk.com
                                        kcope@bsk.com
                                        kmcgraw@bsk.com

TO:  Michael Lyon
     48 Staples Road
     Erin, NY  14838


5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL LYON,

**Plaintiff,**

v.

WILLIAM A. SCHROM , et al.

**Defendants.**

**FIRST REQUEST FOR
PRODUCTION**

**Civil Action No. 21-cv-857**

Defendants, by and through their counsel, Bond, Schoeneck & King, PLLC, hereby request that Plaintiff Michael Lyon, produce the following documents along with a separate written response containing any particular objections to the whole or any part hereof.  Each response is to be preceded by the request posed.  The written response is to be served upon Defendants within 30 days of the service hereof pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

The documents themselves are to be produced at the offices of Bond, Schoeneck & King, PLLC, Avant Building, Suite 900, 200 Delaware Avenue, Buffalo, New York 14202 on February 7, 2022 at 9:00 a.m. and from day to day thereafter until inspection and photocopying is completed. In the alternative, true and accurate copies thereof may be served upon the undersigned before that time, in which case the right to inspect and further copy the originals is reserved.

## INTRODUCTION

The following definitions and instructions are hereby deemed to be incorporated into and made part of each request contained herein.  It is therefore demanded that each definition and instruction be strictly adhered to and complied with, and the failure to do so will constitute the basis for an objection to the responses to these requests.  Should you have any questions or need any clarification with regard to the instructions or definitions contained herein, the meaning of any

particular request, or otherwise with regard to your obligations hereunder, bring them to the attention of the undersigned prior to your provision of responses hereto.

## INSTRUCTIONS

A.      Unless otherwise indicated, these requests refer to the time, place, and circumstances of the facts mentioned or complained of in the pleadings.

B.      The words "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

C.      Words of one gender shall be deemed to refer to all genders.

D.      Identify each document withheld for any reason and state separately the basis for withholding each such document.

E.      Whenever the context hereof requires, the use of a singular shall include the appropriate plural, and vice versa, so as to make each request inclusive rather than exclusive.

F.      These requests extend to all documents wherever located, including documents in the possession, custody or control of the party to whom this notice is directed as well as in the possession, custody or control of the party's agents, representatives, and, unless privileged, its attorneys.  The term "representative" includes any and all employees, officers, and directors.

G.      If documents requested are not available in the precise manner requested or for a particular period specified, but can be supplied partially or for a different but relevant date or period, so set forth in the written response hereto.

H.      If a responsive document known or believed to exist has been destroyed or cannot be located, identify it (including a detailed description of its contents), and also identify the

2

person(s) of its contents and the reason(s) it is no longer available or has not otherwise been provided.

I.   To the extent that you decline to produce requested documents based on a contention that such production would be "burdensome," specify in each case the actions necessary to provide such production, the quantitative measure of such burden, the description, location, custodian and indexing system of each item containing requested information, in sufficient detail to enable a search of such items.

J.   To the extent, and only to the extent, that a response to a request may be made completely responsive by reference to a response to another, identify the referenced response and separately designate each part thereof to which reference is made and state the appropriate paragraph and subparagraph designation and the page upon which the previous response appears.

K.   These requests are deemed to be continuing in nature and, if documents are discovered or come to the knowledge of the Claimant between the time these requests are responded to and the time of trial which would change or further the responses given or documents produced, the proponent demands that the responses be supplemented.

L.   The following requests are for the complete and most legible copies of all documents.

M.   The documents (or copies thereof) shall be produced in the manner in which they are ordinarily organized and maintained, including all file folders, dividers, envelopes, or other organizational components.

N.   The documents (or copies thereof) shall be marked so as to allow identification of the particular request(s) herein to which they respond.

3

O.      These requests specifically include electronically stored information.  Unless otherwise indicated, electronically stored information shall be produced in its native format and is to include all metadata.

P.      Each request herein is propounded to each Claimant individually and separately.

## DEFINITIONS

Q.      "Plaintiff" or the naming of a party or "you," "yourself" or "your" shall mean the named parties and each of their members, directors, officers, agents, servants, employees, attorneys, affiliates, representatives, and all persons in participation or concert with them.

R.      "Relative to" shall mean related to, relating to, describing, explaining, contradicting, concerning, pertaining to, mentioning, referring to, referencing, confirming, supporting, supporting the existence of, evidencing, constituting, containing, comprising, indicating, showing, alluding to, conveying, evincing, hinting, implying, suggesting, showing, intimating, involving, with respect to, or otherwise relative to, either directly or indirectly.

S.      "Document" shall mean any written, recorded or graphic matter, however produced or reproduced, and all copies or drafts thereof, whether or not privilege is claimed with respect to any such document, and specifically includes electronically stored information ("ESI").  Without limiting the foregoing, "document" shall include any and all papers, photostats, photocopies, letters, correspondence, e-mails, postcards, intraoffice and interoffice writings, notes, notebooks, notations, lists, forms, reports, studies, scrapbooks, statistics, summaries, circulars, notices, bulletins, minutes, sales manuals, instructions, books, pamphlets, brochures, promotional materials, catalogs, descriptive literature, prospectuses, price lists, computerized data and printouts, magazines, publications, memoranda (including without limitation memoranda of

4

communications and other acts or activities), bills of lading, contracts, agreements, diaries, desk or appointment calendars or pads, workpapers, transcripts, invoices, purchase orders, receipts, returns, warranties, guarantees, change orders, statements, statements of account, accounts, expense accounts, checks, check stubs, check books, ledgers, telegrams, telexes, telefaxes, maps, motion pictures, films, videotapes, photographs, microfiche, microfilm, audiotapes, magnetized recordings or tapes, computer discs or tapes, electronic recordings, all computerized or electronic embodiments of any of the foregoing or of any other information or communications, and all other documents and every copy of such document where such copy is not an identical copy of an original, or where such copy contains any commentary or notations that do not appear on the original, and all drafts, alterations, modifications, and amendments thereto or thereof.  "Document" specifically includes any written or recorded Communication, including any such Communication generated or maintained on or by a Social Media Platform.

T.      "Photo-Video" shall mean any visual photographic or electronic reproduction of any type whatsoever, including without limitation negatives, slides, photographs, motion pictures, films, videotapes, computer graphics files, video recordings, and any such Photograph maintained on any Social Media Platform.  When hard copies of photographs are provided, you shall produce un-retouched (or otherwise modified by electronic or photographic means) full-frame 8 inch by 10 inch glossy photographs from original negatives of all frames of all rolls of film, together with a contact sheet showing each such negative.  When electronic copies of photographs are provided, you shall produce them in .JPG or .JPEG or .TIFF or .GIF or .PNG format. When copies of videotapes are provided, you shall produce an un-retouched (or otherwise modified by electronic or photographic means) copy from the original tape recording.

U.      "Social Media Platform" shall mean any website or application that enables users to create and share content or to participate in social networking or communication. Social Media Platform includes, but is not limited to: Facebook, Twitter, Snapchat, Instagram, TikTok, LinkedIn, Reddit, Pinterest, YouTube, Groupme, Venmo, and WhatsApp.

V.      "Communication" shall mean any oral, verbal, or other non-written act or conduct by which information or data is transmitted, conveyed, imparted or otherwise relayed, whether or not privilege is claimed with respect to any such communication.  Without limiting the foregoing, "communication" shall include any and all discussions, conversations, meetings, telephone calls, gestures, and all other communications, including those generated on, by, or with any Social Media Platform.

W.      "Person" shall mean any natural person, partnership, corporation, unincorporated association, governmental body or agency, or other form of legal entity, and includes, but is not limited to, an employee or agent of any of the foregoing.

X.      "Date" shall mean the exact month, day and year ascertainable, or if not so ascertainable, the best approximation of such month, day and year.

Y.      "Place" shall mean the exact address by street, number, city, state and zip code, or any other designation, if applicable, or if not ascertainable, the best approximation thereof.

Z.      Other words, terms and phrases used herein shall have their normal, common-sense meanings.

## REQUESTS FOR PRODUCTION

1.      All documents, photographs, videos, and/or communications made or received by you relating to the incidents occurring on or about June 16, 2021, during which you allege officers exercised excessive force against you.

2.      All complaints, petitions, or other pleadings in any other action filed by you in which you made allegations of excessive force or civil rights violations by law enforcement personnel.

3.      All complaints, grievances, comments, etc. you submitted to anyone at the Chemung County or any other entity governing the Chemung County Jail regarding your allegations of excessive force, violation of religious freedom, the conditions of your confinement, and/or retaliation against you.

4.      All documents relating to the criminal proceedings instituted against you relative to your arrest on or about June 16, 2021.

5.      All documents and/or communications made or received by you relating to your religious request for a "harvest feast" on or about September 19, 2021 or Major Raymond Hodge's denial of such request on or about September 23, 2023.

6.      All documents and/or communications in your possession relating to your involvement and/or participation in your identified religion of "heathen-odonist-Asatra," "faith with the gods-our-way-Pagan," and/or "Heathen" for the five years leading up to your arrest on or around June 16, 2021.  This request specifically requests documents and/or communications with the religious body to which you claim to hold a sincerely held religious belief.

7

7.	All documents, photographs, and/or communications in your possession relating to your allegations that raw sewage would back up into your cell or cells adjacent to your cell while being held at the Chemung County Jail.

8.	All documents, photographs, and/or communications in your possession relating to your allegations that there was dirty and/or poor ventilation in or around your cell while being held at the Chemung County Jail.

9.	All documents, photographs, and/or communications in your possession relating to your allegations that there were moldy showers while being held at the Chemung County Jail.

10.	Copies of any Social Media postings made on any Social Media platform depicting and/or commenting on any of the allegations you have asserted against the Defendants.

11.	Copies of all medical records or other diagnostic reports, and physician, nurse, or other healthcare provider notes relative to any physical, psychological, mental, emotional, or other injuries alleged sustained by you as a result of your allegations against the Defendants from any hospitals, physicians, therapists, nurses, psychologists, social workers, or other persons who have treated or otherwise examined you.

12.	All documents you intend to introduce as an exhibit or otherwise rely on at the trial of this matter.

13.	All working papers, notes, calculations, diagrams, Photo-Videos, models, exhibits, an other documents, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

14.	Copies of transcripts of testimony previously provided by any individual you expect to call as an expert witness related in any way to the subject matter on which you expect such expert witness to testify.

8

15.     All treatises, rules, regulations, guidelines, statutes, policies, or procedures, and other authoritative material considered in forming an opinion by any expert who will testify at trial.

16.     All written statements concerning the subject matter of this suit made by any party hereto or any representative thereof (excluding documents protected by any valid privilege).

17.     All documents or correspondence between Plaintiff and any Defendant.

18.     All documents concerning any witness to the events alleged against Defendants.


DATED:   Buffalo, New York
         November 3, 2025

                                        BOND, SCHOENECK & KING, PLLC


                                        By:    /s/Kevin G. Cope, Esq.
                                               Daniel J. Pautz, Esq.
                                               Kevin G. Cope, Esq.
                                               Kathleen H. McGraw, Esq.
                                        *Attorneys for Respondent State of New York*
                                        200 Delaware Ave., Ste. 900
                                        Buffalo, New York  14202-2107
                                        Telephone:  (716) 416-7000
                                        Email:    dpautz@bsk.com
                                                  kcope@bsk.com
                                                  kmcgraw@bsk.com


TO:  Michael Lyon
     48 Staples Road
     Erin, NY  14838

9

# EXHIBIT B

| | |
|---|---|
| **From:** | Greg Silverman <greg@silverman-law.com> |
| **Sent:** | Thursday, April 16, 2026 6:15 PM |
| **To:** | Cope, Kevin |
| **Subject:** | RE: Lyon v. Chemung County 21-cv-857 |

 External email >

**Use caution before clicking links or opening attachments.**

Hi Kevin – thanks for checking in. I've been having issues with initial communications with my client in the facility, and need to get up to speed on this case. Would you be amenable to a 6 month extension of the applicable deadlines?

**Gregory L. Silverman, Esq., PLLC**
118 Genesee St.
Geneva, NY 14456
Tel: 585-480-6686
greg@silverman-law.com

---

**From:** Cope, Kevin <kcope@bsk.com>
**Sent:** Thursday, April 16, 2026 4:26 PM
**To:** Greg Silverman <greg@silverman-law.com>
**Subject:** RE: Lyon v. Chemung County 21-cv-857

Mr. Silverman – following up on my email below.  Please advise giving the quickly approaching discovery deadline.

Thanks,

Kevin

**Kevin Cope**
Member/Litigation
716.416.7041 **Direct**
kcope@bsk.com

**Bond: Essential to Your Business | 300+ Attorneys in 15 Offices | 30+ Practice and Industry Groups**
For informed business and legal counsel, subscribe to Bond publications here
Bond, Schoeneck & King PLLC
Avant Building
200 Delaware Avenue
Buffalo, NY 14202-2107
716.416.7000 **Firm**
bsk.com
*This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.*

---

**From:** Cope, Kevin
**Sent:** Tuesday, March 31, 2026 12:42 PM
**To:** 'greg@silverman-law.com' <greg@silverman-law.com>
**Subject:** Lyon v. Chemung County 21-cv-857

1

Good Afternoon Mr. Silverman,

My office represents Chemung County in the above matter.  We had served the attached on Mr. Lyon back in November but responses were held in abeyance pending assignment of counsel.  My understanding is that you have been assigned to be Mr. Lyon's counsel in this matter and I am writing to follow up on when responses to the attached discovery demands are anticipated.

Also, can you provide me Mr. Lyon's availability for his deposition? My understanding is that Mr. Lyon is currently incarcerated.  If so, please confirm and I will work through the incarcerating entity to arrange Mr. Lyon's deposition.

There has been some delay in discovery and motions to compel are due on or before June 5, 2026, so I would like to get a handle on when discovery and depositions are expected by the end of the week if possible.

Please let me know if you wish to discuss this matter further or if you have any questions.

Thanks,

Kevin

**Kevin Cope**
Member/Litigation
716.416.7041 **Direct**
kcope@bsk.com

**Bond: Essential to Your Business | 300+ Attorneys in 15 Offices | 30+ Practice and Industry Groups**
For informed business and legal counsel, subscribe to Bond publications here



Avant Building
200 Delaware Avenue
Buffalo, NY 14202-2107
716.416.7000 **Firm**
bsk.com

*This email is ONLY for the person(s) named in the message header. Unless otherwise indicated, it contains information that is confidential, privileged or exempt from disclosure under applicable law. If you have received it in error, please notify the sender of the error and delete the message.*